[Cite as *In re K.P.*, 2017-Ohio-4227.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

|                          |   |                            |
|--------------------------|---|----------------------------|
| IN THE MATTER OF:        | : |                            |
| K.P.                     | : | CASE NO. CA2017-02-003     |
|                          | : | D E C I S I O N            |
|                          |   | 6/12/2017                  |
|                          | : |                            |
|                          | : |                            |

APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. CA20163009

Richard W. Moyer, Clinton County Prosecuting Attorney, William C. Randolph, 1025 S. South Street, Wilmington, Ohio 45177, for appellee

Rose & Dobyns Co., LPA, Blaise Underwood, 97 N. South Street, Wilmington, Ohio 45177, for appellant

Marjorie Eads-Walker, c/o Clinton County Juvenile Court, 46 S. South Street, Wilmington, Ohio 45177, guardian ad litem

**Per Curiam.**

{¶1}   This cause came on to be considered upon a notice of appeal, the transcript of the docket and journal entries, the transcript of proceedings and original papers from the Clinton County Court of Common Pleas, Juvenile Division, and upon the brief filed by appellant's counsel.

**{¶2}** Counsel for appellant, P.N., has filed a brief with this court pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), which (1) indicates that a careful review of the record from the proceedings below fails to disclose any errors by the trial court prejudicial to the rights of appellant upon which an assignment of error may be predicated; (2) lists one potential error "that might arguably support the appeal," *Anders*, at 744, 87 S.Ct. at 1400; (3) requests that this court review the record independently to determine whether the proceedings are free from prejudicial error and without infringement of appellant's constitutional rights; (4) requests permission to withdraw as counsel for appellant on the basis that the appeal is wholly frivolous; and (5) certifies that a copy of both the brief and motion to withdraw have been served upon appellant.

**{¶3}** Having allowed appellant sufficient time to respond, and no response having been received, we have accordingly examined the record and find no error prejudicial to appellant's rights in the proceedings in the trial court. The motion of counsel for appellant requesting to withdraw as counsel is granted, and this appeal is dismissed for the reason that it is wholly frivolous.

S. POWELL, P.J., RINGLAND and M. POWELL, JJ., concur.